IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE MANUEL ZALDIVAR-FUENTES, | ) | CASE NO. 4:10 CV 842 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is a motion by the United States to dismiss the federal tort claim action filed against it by *pro se* plaintiff Jose Manuel Zaldivar-Fuentes for failure to exhaust administrative remedies prior to initiating the suit.[2] Zaldivar-Fuentes has responded in opposition to the Government's motion.[3] For the reasons that follow, I will recommend granting the Government's motion and dismissing the claim without prejudice.

## Facts

### A.    Background

The essential facts are straightforward.  In November, 2009, Zaldivar-Fuentes, a federal prisoner previously incarcerated at the United States Penitentiary in Canaan,

---

[1] ECF # 13.

[2] ECF # 11.

[3] ECF # 12.

Pennsylvania, filed an administrative claim against the United States Bureau of Prisons for injuries allegedly received in a prison altercation at Canaan.[4]  Essentially, Zaldivar-Fuentes asserted that because his prior criminal history had been erroneously calculated, he was improperly placed in a maximum security prison for 30 months where he was injured by other inmates.[5]

In response, the Bureau of Prisons rejected the claim because, it maintained, Zaldivar-Fuentes failed to provide a description of what injuries he actually incurred and because he failed to allege, with specificity, the particular acts of negligence by prison officials that purportedly caused his injuries.[6]  Accordingly, on April 5, 2010, the Bureau of Prisons returned the rejected claim to Zaldivar-Fuentes for such future action as he might deem appropriate.[7]

Without taking any further action to resubmit his claim to the Bureau of Prisons with more specific factual allegations along the lines contained in the rejection letter, Zaldivar-Fuentes filed the present action in this Court on April 21, 2010.[8]

---

[4] ECF # 11, Ex. 3 (administrative claim).

[5] *Id.*

[6] ECF # 11, Ex. 4 (rejection letter).

[7] *Id.*

[8] ECF # 1.

**B.      The motion**

After being permitted to proceed *in forma pauperis*,[9] and after this Court substituted the United States as the proper defendant instead of the Bureau of Prisons,[10] the United States then filed the present motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss Zaldivar-Fuentes's action for failure to exhaust administrative remedies.  In brief, the Government contends that, because Zaldivar-Fuentes has not resubmitted his administrative claim to the Bureau of Prisons with enough information to permit that agency to conduct a review of his claim on the merits, he has not exhausted his administrative remedies, such exhaustion being required before this Court may exercise jurisdiction over a federal tort claim action.[11]

**C.      Zaldivar-Fuentes's response**

In his response, Zaldivar-Fuentes contends that any lack of evidence or specificity in the original administrative claim was due to his belief that all such evidence would be developed here during discovery.[12]  To that end, he argues that if he is required to provide any evidentiary support for his allegations, then the two-and-a-half page statement of his

---

[9] ECF # 3.

[10] ECF # 4.

[11] ECF # 11.

[12] ECF # 12.

claim[13] contained in his reply to the present motion to dismiss should be deemed sufficient to defeat the Government's present motion to dismiss.[14]

## Analysis

### A.      Standard of review – Rule 12(b)(1) motion to dismiss

When the factual existence of the court's subject matter jurisdiction is challenged by a motion to dismiss made under Rule 12(b)(1), the court need not presume the truthfulness of the plaintiff's allegations.[15]  Rather, because the attack goes to  the court's "'very power to hear the case,'" the court "is free to consider extrinsic evidence and may weigh evidence of its own jurisdiction without affording the plaintiff the presumption of truthfulness."[16]  In addition, where the court considers supplements to the record in adjudicating a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, it is clear that "this supplementation does not convert the motion into a Rule 56 summary judgment motion."[17]  Moreover,

---

[13] *Id*. at 2-4.

[14] *Id*. at 5-6.  In this response, Zaldivar-Fuentes also seeks an order for discovery and a hearing on the motion to dismiss.

[15] *Ryo Machine Rental v. U.S. Dept. of Treasury*, 2010 WL 5158880, at *3 (N.D. Ohio Dec. 14, 2010) (citations omitted).

[16] *Id*. (citations omitted).

[17] *Rogers v. Stratton Industries*, 798 F.2d 913, 916 (6th Cir. 1986).

although it remains the plaintiff's burden to establish jurisdiction,[18] ultimately it is the court which must determine whether the "factual predicate" of its own jurisdiction exists or not.[19]

**B.      This claim should be dismissed without prejudice for lack of jurisdiction.**

The Federal Tort Claims Act[20] gives federal district courts exclusive jurisdiction over civil actions involving claims against the United States asserted under the provisions of that statute.[21]  In relevant part, the Federal Tort Claims Act further provides that an action against the United States for money damages arising from a personal injury arising out of negligence by any employee of the United States may not be maintained "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."[22]

It is well-settled that a plaintiff's failure to exhaust administrative remedies as set forth in the above-stated provision deprives the district court of jurisdiction over a Federal Tort Claims Act complaint, rendering it liable to dismissal under Rule 12(b)(1) for failure to state a claim upon which relief may be granted.[23]

---

[18] *Warren Steel Holdings v. Williams*, 2007 WL 2688240, at *2 (N.D. Ohio Sept. 11, 2007) (citations omitted).

[19] *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

[20] 28 U.S.C. § 2671 *et seq*.

[21] 28 U.S.C. § 1346(b)(1); *Singleton v. United States*, 277 F.3d 864, 872 (6th Cir. 2002).

[22] 28 U.S.C. § 2875(a).

[23] *Roberts v. United States*, 191 F. App'x 338, 344 (6th Cir. 2006) (citing *Singleton*, 277 F.3d at 872).

When filed under the Federal Tort Claims Act, claims are subject to "the statutorily-mandated procedure that is found at 28 C.F.R., part 543, subpart C."[24] That procedure provides in relevant part that upon initial receipt of a tort claim made by a federal inmate, the claim will either be accepted for filing or, if found not to contain all the necessary information, the claim "will be rejected and returned to the inmate requesting additional information."[25]  Such a rejection and return of an insufficiently detailed claim prior to accepting the claim for filing is not equivalent to a "denial" of a claim that was accepted for filing and was later denied.[26]  Only the "denial" of claim previously accepted for filing exhausts administrative remedies and so permits a Federal Tort Claims Act suit to then be filed in the appropriate federal district court.[27]

In this case, there is no dispute that Zaldivar-Fuentes's administrative claim was rejected and returned to him under 28 C.F.R. § 543.32(a) prior to it being accepted for filing so that he might provide additional information.  As such, it was never "denied"under 28 C.F.R. § 543.32(g) in a final agency action that would permit filing of a suit in this Court. Therefore, I recommend finding that Zaldivar-Fuentes has not exhausted his administrative

---

[24] *Whitaker v. United States*, 2009 WL 5170171, at *2 (D. Md. Dec. 18, 2009) (citing 28 C.F.R. § 542.10(c)).

[25] *Id*. (citing 28 C.F.R. § 543.32(a)).

[26] *See*, *id*. (citing 28 C.F.R. § 543.32(g); *see also*, ECF # 11, Ex. 2 (affidavit of Vanessa Herbin-Smith at ¶¶ 4, 5).

[27] 28 C.F.R. § 543.32(g).  "If you are dissatisfied with the final agency action, you may file suit in an appropriate U.S. District Court as no further administrative action is possible."

remedies as concern this claim, and thus that Government's motion to dismiss is well-taken.

I also recommend based on the unambiguous record cited above that there is no need for

further discovery in this regard or to conduct an evidentiary hearing.[28]

## Conclusion

Accordingly, based on the foregoing, I recommend that Zaldivar-Fuentes's Federal

Tort Claims Act claim be dismissed without prejudice.[29]

Dated:   June 22, 2011                                    s/ William H. Baughman, Jr.
                                                         United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within
the specified time waives the right to appeal the District Court's order.[30]

---

[28] *See*, *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325 (court has wide discretion as to
whether or not to utilize affidavits or other document, or even to conduct a limited
evidentiary hearing).

[29] *See*, *Roberts*, 191 F. App'x at 344 (citation omitted).  Because plaintiff did not first
exhaust administrative remedies in Federal Tort Claims Act suit, "the district court properly
dismissed her lawsuit without prejudice for lack of subject-matter jurisdiction under Fed. R.
Civ. P. 12(b)(1).

[30] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v.
Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).